## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARSHALL ANDERSON,                )
                                  )
                    Plaintiff,    )
v.                                )          Case No. 21-cv-2097-DDC-TJJ
                                  )
FORD MOTOR COMPANY,               )
                                  )
                    Defendant.    )

## <u>REPORT AND RECOMMENDATION</u>

### <u>NOTICE</u>

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

### <u>REPORT AND PROPOSED FINDINGS</u>

Plaintiff commenced this action *pro se* on February 22, 2021 by filing a Complaint (ECF No. 1) alleging violation of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq., for employment discrimination on the basis of disability and retaliation by his employer Ford Motor Company. This action stems from Defendant's allegedly discriminatory and retaliatory conduct in refusing to accommodate Plaintiff's disability. Plaintiff is still employed by Defendant. This matter comes before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 3).

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit…[if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees. The decision to grant or deny *in forma pauperis* status under section 1915 lies within the "wide discretion" of the trial court.

Based on the information contained in his Affidavit of Financial Status (ECF No. 3-1), Plaintiff has not shown a financial inability to pay the required filing fee. Plaintiff is currently employed and has a net monthly salary between approximately $1,400 and $3,000.[1] He claims to have no cash on hand, but he owns two cars valued at $12,000, on which he owes nothing. Plaintiff claims total recurring monthly expenses of $610.00.[2] He has an outstanding student loan balance on which he makes no monthly payment, presumably as a result of federal coronavirus relief legislation.  Because Plaintiff's monthly income exceeds his monthly expenses, the Court finds that Plaintiff has sufficient financial resources to pay the filing fee.

The Tenth Circuit in *Lister v. Department of the Treasury*[3] has held that magistrate judges have no authority to enter an order denying a motion to proceed without prepayment of fees because such ruling is considered dispositive. Under Fed. R. Civ. P. 72(b), a magistrate judge can only issue a report and recommendation for a decision by the district court. The undersigned Magistrate Judge therefore submits to the District Judge the following Recommendation regarding Plaintiff's motion.

---

[1] Aff. Fin. Stat. at 2, ECF No. 3-1.

[2] *Id.* at 5.

[3] No. 04-5087, 2005 WL 1231928, at *2 (10th Cir. May 25, 2005).

## RECOMMENDATION

Based upon the above findings, it is hereby recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3) be denied. Plaintiff should be ordered to prepay the full filing fee of $402 within 30 days for this action to proceed, and cautioned that failure to pay the filing fee by that time will result in the dismissal of this action without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. R. 72.1.4(b), Plaintiff shall have **until March 19, 2021** to file with the U.S. District Judge assigned to this case, his written objections to the recommendation of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the recommended disposition.

Respectfully submitted.

Dated in Kansas City, Kansas this 1st day of March, 2021.

Teresa J. James
U. S. Magistrate Judge